# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06cr35-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs.   ) | ORDER |
| ) | |
| LORETTA SIMOND HUSKINS.   ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard before the undersigned, pursuant to a letter (#66) written to the undersigned by the defendant and filed in this matter on May 7, 2007. In the letter, the defendant requests that she be appointed another court appointed attorney in substitution of her present attorney, Fredilyn Sison. Upon the call of this matter on for hearing it appeared that the defendant was present and that her attorney, Ms. Sison was present and that the Government was represented by Assistant United States Attorney, Richard Edwards and from the statements of the defendant and Ms. Sison, the court makes the following findings:

**Findings**. The defendant was charged in a bill of indictment filed on December 6, 2006 with conspiracy to distribute and dispense methamphetamine and further with unlawfully and willfully using a firearm during and relation to a drug trafficking crime. The undersigned, upon petition of the defendant, found that the defendant was indigent and ordered the appointment of counsel for the defendant on December 21, 2006. On that same date the undersigned released the defendant on terms and conditions of pretrial release which required the defendant to complete a 28-day inpatient treatment program. On February 16,

2007 the defendant entered a plea of guilty before United States District Court Judge Lacy H. Thornburg. At the time of entering the plea the defendant advised Judge Thornburg that she was entirely satisfied with the services of her attorney. A presentence report has been prepared by the United States Probation Office and Ms. Sison has responded to that report on behalf of the defendant containing objections that had been requested by the defendant. The undersigned has been advised that the sentencing of the defendant will occur within six to eight weeks.

The court has made inquiry of the defendant as to the reasons why the defendant did not wish for Ms. Sison to represent her further in this matter. The defendant complained that the defendant had, after being released on terms and conditions of pretrial release, gone to an inpatient treatment facility in Charlotte, NC for treatment for addiction. Ms. Sison traveled from her office in Asheville, NC to the treatment facility to talk to the defendant to prepare for the trial of the case. Ms. Sison requested that the defendant be withdrawn from a treatment class so that Ms. Sison could meet with the defendant. The defendant stated that Ms. Sison's appearance at the treatment facility had upset the personnel at the treatment facility. The defendant further testified that Ms. Sison's appearance had upset the defendant.

The defendant further complained that she had requested that Ms. Sison obtain a continuance of the trial of the matter when it was scheduled for trial for February 2007. The defendant stated that she had been participating in the inpatient treatment program and that due to her participation she only had seventeen days to hire an attorney. The defendant stated that Ms. Sison had told her that a motion for a continuance would probably not be considered

favorably by the court. Ms. Sison further told the defendant that if the defendant wanted a trial that preparations should be made to be prepared for the trial in February of 2007.

The defendant expressed dissatisfaction with the fact that the defendant's ex-husband and her son-in-law or other relative had been subpoenaed by Ms. Sison to come to court and testify at the trial of the case. When the defendant decided to enter a plea of guilty, the defendant complained that these witnesses were not contacted by Ms. Sison and advised that they did not have to be present for the trial. As a result, those two persons traveled from another state to be available to present testimony on behalf of the defendant.

The defendant stated that on one occasion she had to wait for a telephone call from Ms. Sison concerning the presentence report that had been issued in the case. Ms. Sison did not call and the defendant found, when the defendant contacted Ms. Sison's office, that Ms. Sison had traveled out of town. The defendant was upset over waiting for Ms. Sison's call.

The defendant presented concerns that the defendant attended a meeting at which there were various persons present, The defendant objected to the presence of those persons. Ms. Sison was present at this meeting. The defendant stated that Ms. Sison has "screamed and hollered" at the defendant concerning a telephone call made by the defendant to the United States Probation Officer who was preparing the presentence report. The defendant stated that she had called the officer to express her dissatisfaction with false information that was contained in the report. Ms. Sison had reprimanded the defendant for making the call. Ms. Sison had stated to the defendant that it was Ms. Sison's opinion that the contact with the probation officer would be detrimental to the sentencing recommendation of that officer.

3

The court then made separate inquiry of Ms. Sison. Ms. Sison advised that she had traveled to the treatment facility to discuss the upcoming trial with the defendant so that she and the defendant could be prepared for the trial in February of 2007. Ms. Sison stated that no one from the treatment facility had expressed any concern with her visit to the defendant. Ms. Sison stated that she and the defendant had talked frankly concerning the case and that she had made efforts with the defendant to prepare for trial. The defendant did not express any concern that she had with Ms. Sison making the trip from Asheville, NC to Charlotte to meet with the defendant and to prepare for trial. The defendant did not express to Ms. Sison any concern that she had regarding content of their discussion.

In regard to the issue of subpoenaing the defendant's ex-husband and her son-in-law, Ms. Sison advised that she did subpoena those persons as witnesses to testify at the trial. Ms. Sison further stated that after the plea was entered Ms. Sison directed her assistant to contact those two individuals and to tell them that their travel would be unnecessary. The assistant forgot to make the telephone call.

Ms. Sison stated to the undersigned that she had discussed the case frankly with the defendant and had done her best to represent the defendant and to advise the defendant of all alternatives, including alternatives in regard to the case that in Ms. Sison's opinion would be of benefit to the defendant, including the plea, various modifications of the terms and conditions of pretrial release, and objections that Ms. Sison had filed to the presentence report. Ms. Sison further stated to the court that she had expressed to the defendant concerns about the fact that the defendant had contacted the probation officer who had prepared the

presentence report. Ms. Sison stated that she considered that contact to be inappropriate and not in the best interest of the defendant. Ms. Sison advised the court that she had received a telephone call from the probation officer who had prepared the presentence report expressing his concerns over the contact that had been made to him by the defendant. It was after receiving the call from the probation officer that Ms. Sison contacted the defendant.

Ms. Sison stated that she had discussed the case frankly with the defendant and had done her best to represent the defendant in this matter.

Mr. Edwards, on behalf of the Government, pointed out that Ms. Sison had, through the plea agreement, materially and favorably reduced the exposure of the defendant to incarceration.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) The timeliness of the motion; (2) Inquiry as to the reasons why the defendant does not wish for Ms. Sison to represent her further; and (3) Whether or not there is such a conflict between the defendant and Ms. Sison that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

5

Sentencing in this matter is scheduled to occur in approximately six to eight weeks. Ms. Sison has represented the defendant during all proceedings in this matter and has full and complete knowledge of the case. Ms. Sison has filed objections to the presentence report and is knowledgeable of those objections. As a result of the timing of the defendant's motion this factor must be weighed against granting that motion.

The undersigned inquired as to the reasons for the conflict between the defendant and Ms. Sison. After hearing from the defendant and Ms. Sison it appears to the court that Ms. Sison has been candid and forthright in advising the defendant of various alternatives in regard to this case and as a result, has told and explained to the defendant Ms. Sison's opinion concerning: (1) the chance of success at trial; (2) the exposure of the defendant to incarceration; (3) the defendant's objections to the presentence report; and (4) the defendant directly contacting the probation officer. It was clear from the hearing in this matter that Ms. Sison is of the opinion that she has been performing her job in representing the defendant to the best of Ms. Sison's ability. It further appears to the court that the objections of the defendant to the representation of Ms. Sison are not valid. Many times, attorneys have to be frank and sometimes blunt in delivering information to parties involved in litigation. Criminal defendants many times consider that the attorney, being the messenger, is at fault for giving the client a frank and blunt explanation of various alternatives presented to a criminal defendant. At times, when criminal defendants commit acts that are detrimental to the case an attorney must, many times, forcefully reprimand that client as it is part of that attorneys' job to do their best for the client. The court is of the opinion that Ms. Sison is

doing a good job in representing the defendant and the conflict as discerned by the defendant between herself and Ms. Sison must be weighed against allowing the defendant's motion.

The court has further examined the matter to determine whether or not there is such conflict between the defendant and Ms. Sison that there is a total lack of communication between them preventing an adequate defense. It does not appear to the undersigned that such a conflict exist. Ms. Sison is an excellent attorney who has worked diligently on behalf of the defendant. Ms. Sison has traveled to visit the defendant from Asheville to Charlotte to prepare for trial. Ms. Sison has subpoenaed witnesses. Ms. Sison has attended meetings with the defendant. Ms. Sison has made objections that the defendant desired to the presentence report. When the defendant entered her plea of guilty, the defendant advised Judge Thornburg that she was entirely satisfied with the services of her attorney. Nothing that has happened since that time should have created any great conflict between the defendant and Ms. Sison. In total, it does not appear to the undersigned that there is such a conflict between the defendant and Ms. Sison that prevents an adequate defense in this matter.

After considering all the factors, it appears that there is little time before sentencing within which to appoint another attorney who has the knowledge and expertise in this case that Ms. Sison possesses. As a result of the inquiry made by the undersigned the undersigned cannot find any good reason for the appointment of another attorney in Ms. Sison's place in this matter. It further does not appear there is such a lack of communication between Ms. Sison and the defendant that would prevent an adequate defense. Based upon the foregoing,

the undersigned has determined to enter an order denying the motion of the defendant.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the motion (#66) of the defendant for substitution of counsel is hereby **DENIED**.

Signed: May 29, 2007

Dennis L. Howell
United States Magistrate Judge