**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE No. 2:12-cv-00081-MR
[Criminal Case No. 2:06-cr-00035-MR-1]**

| | |
|---|---|
| LORETTA SIMOND HUSKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of what Petitioner labels a Rule 35 motion under the Federal Rules of Criminal Procedure, and therein Petitioner moves the Court to reconsider the Court's prior ruling which dismissed her motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. [2:12-cv-00081, Doc. 1 at 2]

For the reasons that follow, the Court finds first, that Petitioner's motion is properly construed as a Section 2255 motion, and second, that the present motion should be dismissed because it is an unauthorized, successive Section 2255 motion.

**I.   FACTUAL BACKGROUND**

On December 5, 2006, the Petitioner was indicted for conspiracy to

distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §846 (Count One), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c) (Count Two). [Criminal Case No. 2:06-cr-00035, Doc. 1: Indictment].

On February 16, 2007, the Petitioner entered a guilty plea to both counts pursuant to a written plea agreement. [Id. at Doc. 61]. She was sentenced on August 31, 2007, to 78 months imprisonment on Count One and 60 months imprisonment on Count Two, to be served consecutively. [Id. at Doc. 97]. The Petitioner appealed her sentence to the United States Court of Appeals for the Fourth Circuit. She argued that the government was guilty of prosecutorial misconduct because the assistant United States attorney that was most familiar with her cooperation did not appear for her sentencing. Next, she argued that the government erred in failing to file a motion for reduction of sentence based on substantial assistance under USSG § 5K1.1. The Fourth Circuit rejected each of these claims and affirmed her criminal judgment on March 20, 2009. United States v. Huskins, 318 F. App'x. 249 (4th Cir. 2009) (unpublished). She did not file a petition for writ of *certiorari* in the United States Supreme Court.

On November 21, 2011, Petitioner filed a Section 2255 motion raising several claims of ineffective assistance of counsel. The Court examined the

motion and found that it was untimely under § 2255(f)(1) and then dismissed the motion after concluding that Petitioner had failed to establish she was entitled to equitable tolling of the statute of limitations. [2:11-cv-00053-MR, Doc. 2]. Petitioner noted an appeal to the Fourth Circuit which was dismissed on June 7, 2012. Huskins v. United States, 476 F. App'x 533 (4th Cir. 2012) (unpublished). Again, Petitioner did not petition the Supreme Court for a writ of *certiorari*.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255 et seq., provides that a "prisoner in custody under sentence of a court established by Act of Congress . . . may move

the court which imposed the sentence to vacate, set aside or correct the sentence." § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second, or successive motion under § 2255.

The AEDPA provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner labels her motion as one made pursuant to Rule 35 of the Federal Rules of Criminal Procedure and contends that the motion is timely because it was filed within 120-days of the date the Fourth Circuit dismissed her appeal from this Court's order dismissing her first Section 2255 motion. Petitioner cites to both the (a) and (b) provisions of Rule 35, and largely misquotes each provision. [2:12cv00081, Doc. 1 at 2]. Rule 35(a) provides as follows:

> (a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Rule 35(b) is limited to motions made *by the Government*, in its discretion, to reduce a defendant's sentence based on substantial assistance, and there is no evidence offered by Petitioner or in the record which suggests the Government has made such a motion. Clearly, then, neither of these provisions, nor any other provision of Rule 35, can provide Petitioner any assistance in the present case.

It is plain from her claim that her motion is properly one filed under the provisions of Section 2255 because Petitioner contends her sentence for conviction on Count Two of her Indictment — possession of a firearm in furtherance of a drug trafficking crime — is illegal because she is actually innocent of the offense.

Accordingly, the Court finds that as Petitioner provided no evidence that she has secured the required authorization from the Fourth Circuit to file a successive § 2255 motion, this Court is without jurisdiction to consider what is, in all respects, a successive, unauthorized § 2255 motion. See Winestock, 340 F.3d 200, 206 (4th Cir. 2003); In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

## IV. CONCLUSION

For reasons stated herein, the Court finds that Petitioner's motion is an unauthorized, successive Section 2255 motion and the Court will, therefore, dismiss the motion.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion is **DISMISSED** as a successive Section 2255 motion. [Doc. 1].

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

Signed: May 25, 2013

Martin Reidinger
United States District Judge